

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. S. Hickerson
County Auditor
Conroe, Texas

Dear Sir:

Opinion No. O-1666
Re: Employment of courthouse employees -- Nepotism law prohibits the employment of a brother of the Commissioners' Court.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Attention has been called to 152 S. W. 2nd 1084 Supreme Court, Anderson County.

"We have always interpreted the Statute 6872 R. C. S. as meaning that the Sheriff had complete authority to hire and fire engineers, janitors, elevator operators and had general supervision of the court house. The Supreme Court under the above case sets out that he does not have that authority.

"Could the Commissioners' Court on an order authorize the sheriff to hire janitors, building superintendents and elevator operators.

"Even though the Commissioners' Court passed the above order, would it be a violation of the nepotism law for the sheriff to employ a brother of a county commissioner."

The case of Anderson v. Wood, 152 S. W. (2d) 1084 (Texas Supreme Court), holds that the Commissioners' Court and not the sheriff has the power and right to employ and discharge courthouse engineers, janitors and elevator operators.

Honorable A. E. Hickerson, Page 2

We quote from 11 Texas Jurisprudence, pages 635 and 636, as follows:

"§ 97. Agents Appointed by Court - Authorization - County Officers. - The commissioners' court, in entering into a contract on behalf of the county, may act through an agent appointed by it; and the contract thus made by a duly appointed agent is binding upon the county. In a suit involving the contract it is necessary to show that the agreement is one which the agent was authorized to make, or that the county, with knowledge of the terms of the agreement, ratified it after it was made.

"Authority to bind the county by contract must come from the commissioners' court acting as a body; it is not sufficient that the individual commissioners may have refrained from objecting to the assumption of such authority by the alleged agent. It is not necessary, however, that authority be shown by an order actually entered on the minutes; the fact that an order was made may be shown by parol.

"County officers, by virtue of their office, are not agents empowered to contract on behalf of the county; and when they assume to do so, no recovery can be had against the county upon the contract or for the value of the goods in the absence of ratification by the commissioners' court."

Article 432, Vernon's Annotated Texas Penal Code, reads as follows:

"No officer of this State or any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, or any officer or member of any State, district, county, city, school district or other municipal board, or judge of any court, created by or under authority of any general or special law of this State,

Honorable A. S. Hickerson, Page 3

or any member of the Legislature, shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever."

We are not furnished with a copy of the order of the Commissioners' Court described in your letter and therefore do not pass on same.

It is our opinion, however, that the Commissioners' Court would have the authority to authorize the sheriff to act as their agent in hiring the various courthouse employees if the Commissioners' Court wished to do so. Of course, the sheriff would not have to accept such position of agency if he did not desire to do so.

If the Commissioners' Court through the sheriff as its agent employed a brother of one of the county commissioners as a janitor or other courthouse employee, such employment would be a direct and flagrant violation of Article 432, V. A. T. P. C.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:OO

APPROVED JUL 3, 1942

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN